WILLIAM ROBINSON, Non Compos Mentis, by Guardian,

*v.*

WINSTON JONES.

CHANCERY JURISDICTION. *Bill to correct writing, remove clouds from title, and recover land and rents.*

R. and others partitioned certain land which they owned, but, in reducing the agreement of partition to writing, a tract which had been allotted to R. was, by mistake of the draughtsman, assigned to another of the partitioners, who conveyed it to J. The latter took possession of such tract of land, and for many years received the rents and profits thereof. When the mistake in the agreement of partition was discovered, R. filed a bill in chancery against his co-partitioners and J., asking to have the mistake in the agreement corrected, the deed to J. cancelled, as a cloud upon his title, and that J. be compelled to surrender to him possession of the land, and' to account for the rents and profits thereof. J. demurred to such parts of the bill as seek an adjudication of the title to the land in question, to obtain possession of the same and to recover rents and profits thereof, on the ground that the Chancery Court has no jurisdiction of such matters, and complainant's remedy is at law. The chancellor sustained the demurrer and dismissed the parts of the bill referred to, except that the jurisdiction of the court was maintained and the bill retained intact so far as may be necessary to the removal of clouds from complainant's title. *Held,* that the Chancery Court has jurisdiction to grant complainant complete relief, and this without regard to any statute on the subject of removing clouds from the title to land.

APPEAL from the Chancery Court of Noxubee County.

HON. T. B. GRAHAM, Chancellor.

In February, 1888, the bill in this case was filed for William Robinson, a *non compos mentis*, by his guardian, R. C.

Patty, against Mary K. Burritt, Fannie J. Ridley, Charles T. Robinson and Winston Jones. The bill alleges that, in 1869, all of the defendants named, except Jones, together with complainant, who was represented by his guardian, entered into an agreement for the partition of certain lands, in Noxubee County in this State, which they had inherited from the father of those defendants and complainant; but the scrivener in reducing such agreement to writing made certain mistakes, whereby certain lands which had been by the agreement allotted to the complainant were set apart to another of the parties to the agreement; and that in pursuance of the agreement, thus erroneously written, the party to whom the last mentioned lands were by mistake set apart, conveyed the same by a deed of trust for the benefit of the defendant, Winston Jones, on the 3d of May, 1875, and then on the 25th of June by a quit-claim deed to Jones directly; and that soon after the execution of the quit-claim deed Jones took possession of the land thereby conveyed to him, and has ever since had the possession of the same, and received the rents and profits thereof. The prayer of the bill is that the agreement of partition as written be corrected and reformed, so as to conform to the true intent of the parties thereto; that the deed of trust and quit-claim deed be declared void, and the cloud thereby cast upon complainants' title be removed; that the defendant Jones be compelled to account to complainant for the rents and profits received by him from complainants' lands since he has had possession thereof; and that Jones be required to surrender to complainant possession of such lands.

Jones demurred to the bill, on the ground that the Chancery Court has no jurisdiction to adjudicate this title to the land in question, or to award possession thereof to the complainant, or to decree payment of the rents and profits of the land to the complainant, and that the complainant has a full and complete remedy at law.

The chancellor sustained Jones' demurrer to such parts of the bill as seek to have the title to the land in controversy adjudicated and recover possession' thereof, and to obtain a decree for rents and profits; except that the jurisdiction of the court to adjudicate the title involved, so far as should be necessary to

remove clouds from complainant's title, was maintained. Those parts of the bill were dismissed, except for the purpose indicated.

From the decree on Jones' demurrer, the complainant asked for, and was granted, an appeal to this court.

*Rives & Rives*, for the appellant.

The case at bar presents two grounds of equity jurisdiction. One, a special equitable jurisdiction conferred by statute to remove clouds from the title of the complainant in possession. This ground does not draw after it the power to decide the remaining portions of the controversy which are purely legal. The other ground exists as a part of the general and *exclusive* jurisdiction of courts of equity, to wit, the reformation, correction and confirmation of the written agreement of partition, and does draw after it the power to decide the remaining portions of the controversy which are purely legal, draws after it the power to do full and complete justice even *to the restoration to the* complainant of his full rights of property, the possession of his land and the recovery of his rents.

See Pomeroy's Equity Jurisprudence, Sec. 170, 171, 112, 1375.

See *Phoenix Insurance Co.* v. *Hoffheimer*, 46 Miss., 657 *et seq.*

*Bogle & Bogle*, for the appellee.

The statutory power of the Chancery Court to remove clouds from title to real estate does not draw to the Court general equity jurisdiction; nor, in such cases, does the rule prevail that, having taken jurisdiction for one purpose, the Court will administer full relief. The jurisdiction to cancel clouds on title does not confer jurisdiction to determine titles, award possession, and compel an accounting as to rents, issues and profits. *Wofford* v. *Bailey*, 57 Miss., 239; *Ezelle* v. *Parker*, 41 Miss., 520.

Eliminate from this bill the allegations necessary to confer the jurisdiction to remove clouds, and there is nothing left except matters over which the courts of law have jurisdiction. The bill does allege that the articles of agreement of partition misdescribes a portion of the eighty acres of land in controversy; but that was necessary in order to show the title of complainant. This is not a bill to reform those articles and then to carry them into execution.

Campbell, J., delivered the opinion of the Court.

The demurrer of Jones should not have been sustained, as it was.

If there was no statute on the subject of removing clouds from the title of land, this bill would be maintainable, and the court may and should grant complete relief.

*Decree reversed, demurrer overruled, and cause remanded for answer in thirty days after mandate filed.*